UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FRANCISCO CONTRERAS,      )
                           )
         Plaintiff,      )
                           )
         v.      )    No. 1:25-cv-01278-JRO-TAB
                           )
CENTURION HEALTH,      )
                           )
        Defendant.      )

**ORDER DISMISSING SECOND AMENDED COMPLAINT
AND DIRECTING FILING OF THIRD AMENDED COMPLAINT**

Plaintiff Francisco Contreras is a prisoner currently incarcerated at New Castle Correctional Facility ("NCCF").  He filed this civil action alleging that he has been denied medical care for a painful hernia.  Because the plaintiff is a "prisoner," this Court has screened both his complaint and amended complaint before service on the defendants and dismissed those filings for failure to state a claim upon which relief can be granted.  28 U.S.C. § 1915A(a), (c).  Dkts. 15 & 18.  Contreras now files his Second Amended Complaint, which is also subject to the same screening standard.

**I. SCREENING STANDARD**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).  To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020).

Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court accepts Plaintiff's factual allegations as true at the pleading stage but not his legal conclusions. *See Iqbal*, 556 U.S. at 678 ("we must take all of the factual allegations in the complaint as true," but "we 'are not bound to accept as true a legal conclusion couched as a factual allegation' ") (quoting *Twombly*, 550 U.S. at 555)). Finally, the Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. THE SECOND AMENDED COMPLAINT

Contreras names the following Defendants in his Second Amended Complaint: Centurion Health Services, M. Runyon HCA, NP Johnson, S. Jacobs, John Doe, and Jane Doe. His factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023).

In March of 2016, Contreras made the IDOC Medical Department aware of a painful, massive hernia. He was transferred to NCCF in 2024 with the same excruciating pain and did not receive proper follow-up care. The defendants at NCCF were made aware of Contreras's pain during facility intake and through his healthcare request forms and health care visits. Specifically, Contreras contends that NP Johnson, M. Runyon, S. Jacobs, and John and Jane Doe were

2

"well aware also."  Dkt. 23 at 3.  Contreras's hernia was later confirmed by Meridian Radiology.

### III. DISMISSAL OF SECOND AMENDED COMPLAINT

Applying the screening standard to the facts alleged in the complaint, the Second Amended Complaint must be dismissed for failure to state a claim upon which relief may be granted.  First, Contreras fails to plead facts as to individual liability.  Second, he fails to plead sufficient facts as to deliberate indifference of his serious medical needs pursuant to the Eighth Amendment.

"[I]ndividual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation."  *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted).  "The plaintiff must demonstrate a causal connection between (1) the sued officials and (2) the alleged misconduct."  *Id.* For a public official to be individually liable for a subordinate's constitutional violation, the official must both "(1) 'know about the conduct' and (2) facilitate, approve, condone, or turn a blind eye toward it."  *Gonzalez v. McHenry Cnty.*, 40 F.4th 824, 828 (7th Cir. 2022) (quoting *Kemp v. Fulton Cnty.*, 27 F.4th 491, 498 (7th Cir. 2022)).

Contreras's Second Amended Complaint contains the same fatal flaw as his previous complaint: he makes no allegations as to specific actions taken by any specific defendant.  He merely states they were "well aware [of his pain] also." He therefore fails to allege that any of the individual defendants were personally involved in the alleged denial of medical care.

Moreover, for an inmate to state a claim under § 1983 for medical

3

mistreatment or the denial of medical care, the prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The standard is high. To state an Eighth Amendment deliberate indifference claim, Contreras must allege "(1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent." *Johnson v. Dominguez*, 5 F.4th 818, 824 (7th Cir. 2021) (quoting *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 662 (7th Cir. 2016)). Deliberate indifference exists only when an official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (construing *Estelle*).

Contreras sufficiently alleges a serious medical condition: a painful hernia. But he fails to allege enough facts to allow an inference that any of the individual defendants were subjectively indifferent to his hernia. That Defendants were "aware" of his condition and that his condition persisted are not enough. For instance, he has not alleged how each defendant was made aware of his condition or what each defendant did or did not do in response to being made aware. Nor does he provide any dates or a timeline for the Court to determine how much time elapsed between when Defendants were made aware and medical care was provided. Without this factual detail, his allegations of deliberate indifference are conclusory, and the Court need not credit them. *Iqbal*, 556 U.S. at 678.

4

Because the Court has been unable to identify a viable claim for relief against any particular defendant, Contreras's Second Amended Complaint is subject to dismissal.

### IV. OPPORTUNITY TO FILE A THIRD AMENDED COMPLAINT

Contreras has been given several opportunities to file a viable complaint. In light of the recent denial of his motion to appoint counsel and in the interest of justice, the Court will allow him one final opportunity to amend his complaint, after reviewing this Court's order, he believes that he can state a viable claim for relief, consistent with the allegations he has already made. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint."); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

The plaintiff shall have **through June 20, 2026, to file a third amended complaint**.

The third amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury. Specifically, he must allege specific interactions with and specific actions taken by the named defendants.

The **clerk is directed** to include a copy of the prisoner civil rights complaint form along with the plaintiff's copy of this Order, which he must use if he files a third amended complaint. *See* Local Rule 8-1 (requiring pro se plaintiffs to use the clerk-provided form for claims under 42 U.S.C. § 1983).

Any third amended complaint should have the proper case number, 1:25-cv-1278-JRO-TAB and the words "Third Amended Complaint" on the first page. The third amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action.

If the plaintiff files a third amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

**SO ORDERED.**

Date: 5/19/2026

_____

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

FRANCISCO CONTRERAS
197483
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362